IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| Kimberly-Clark Corporation, Kimberly-Clark Worldwide, Inc., and Kimberly-Clark Global Sales, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Tyco Healthcare Retail Group, Inc. <br><br> Defendant. | Case No. 05 C 0985 <br><br> Hon. William C. Griesbach |

## STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between counsel and the parties, Kimberly-Clark Corp., Kimberly-Clark Worldwide, Inc., Kimberly-Clark Global Sales, Inc. ("KC") and Tyco Healthcare Retail Group, Inc. ("THRG"), that the terms and conditions of this Stipulated Protective Order shall be applicable to and govern depositions, documents and tangible things produced in response to requests for production thereof, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to applicable rules governing discovery, as well as testimony adduced at trial, matters in evidence, and other information exchanged by the parties in the captioned action (hereafter referred to as "this action") or produced by a third party, which the disclosing party designates as confidential hereunder.

It is hereby ORDERED as follows:

1. **DESIGNATION OF CONFIDENTIAL MATERIALS**

    A.  Any party to this action, or any third party that has agreed in writing to be subject to this Stipulated Protective Order, in responding to discovery in this action (hereinafter

"designating party"), shall have the right to designate as "Confidential Information" any information, document or thing which it is disclosing and which it believes in good faith constitutes, contains, embodies, or reflects trade secrets or other non-public and confidential technical, commercial, financial, personal or business information, or other valuable information covered by a legitimate privacy right or interest. "Confidential Information" that constitutes, contains, embodies, or reflects trade secrets, product sales, product volume, pricing, revenue, profit, costs, margins, customer lists, currently implemented or not yet implemented marketing plans and analyses, and research and development information and plans for products not yet released to the marketplace, may be designated by the designating party as "Highly Confidential Information."

Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as "Confidential Information" or "Highly Confidential Information," shall also be treated respectively as "Confidential Information" or "Highly Confidential Information."

"Confidential Information" and "Highly Confidential Information" shall not include any information, document or thing which:

(i) at the time of the disclosure hereunder is available to the public; or

(ii) after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

(iii) the receiving party can show (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such a disclosure.

2

B. Each document or thing provided to the receiving party, or any portion thereof, each interrogatory answer or portion thereof, and each answer to a request for admission or portion thereof which discloses information deemed by the supplying party in good faith to be "Confidential Information" subject to the provisions of this Stipulated Protective Order shall be so designated by affixing thereon the legend "CONFIDENTIAL – CASE NO. 05C0985." "Confidential Information" further deemed by the supplying party in good faith to be "Highly Confidential Information" subject to the provisions of this Stipulated Protective Order shall be so designated by affixing thereon the legend "HIGHLY CONFIDENTIAL – CASE NO. 05C0985." Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to the receiving party. All documents, or any portion thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed to contain "Highly Confidential Information" subject to the provisions of this Stipulated Protective Order, regardless of whether so identified by the legend "HIGHLY CONFIDENTIAL – CASE NO. 05C0985" until copies thereof are provided to the inspecting party. Any information, document or thing that bears both designations must be treated as "Highly Confidential Information."

C. Portions of deposition transcripts may be designated as "Confidential Information" or "Highly Confidential Information" by any party to this action, or by the deponent, either (a) on the record during the deposition, or (b) by written notice to all counsel of record within twenty (20) days after the party wishing to make the designation receives the transcript. Pending the expiration of said twenty (20) days, all parties and persons shall presumptively treat the deposition transcript as "Highly Confidential Information." If no portions of the transcript are designated as "Confidential Information" or "Highly Confidential

3

Information" by any party to this action or by the deponent within said twenty (20) days, the transcript shall be considered not to contain any "Confidential Information" or "Highly Confidential Information." Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend "CONFIDENTIAL – CASE NO. 05C0985" or "HIGHLY CONFIDENTIAL – CASE NO. 05C0985" if written notice is provided within said twenty (20) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Stipulated Protective Order and authorized as having access under such designation, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "Confidential Information" or "Highly Confidential" under this Stipulated Protective Order.

D.    Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in masked or unmasked form. Counsel for the producing party shall bring to the attention of the receiving party and identify any documents produced in masked form and the portions masked at the time when the document is produced. In the event of disagreement, litigation counsel for the receiving party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such portions are believed not subject to the attorney-client privilege or the work-product immunity. In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the receiving party may seek a determination by the Court that such masked portions should be produced.

4

E. If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to the applicable rules of discovery, or by agreement, will reveal or disclose "Confidential Information" or "Highly Confidential Information," the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as "Confidential Information" or "Highly Confidential Information" subject to the terms of this Stipulated Protective Order. Subject to the provisions regarding inadvertent disclosure (paragraphs 9(D) and 9(E)), or unless otherwise agreed by the parties to this action or ordered by the Court, any confidentiality is waived if the producing party fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals "Confidential Information" or "Highly Confidential Information," pictures or tapes shall bear the applicable legend "CONFIDENTIAL – CASE NO. 05C0985" or "HIGHLY CONFIDENTIAL – CASE NO. 05C0985" on the photograph or videotape itself, and on any exterior packaging of the same.

## 2. RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS

A. No information, documents or things identified as "Confidential Information" or "Highly Confidential Information" under paragraphs 1(A)-(E) shall be disclosed to any person or entity except as set forth in this Stipulated Protective Order. Nothing contained in this Stipulated Protective Order shall affect the right of the designating party to disclose or use for any purpose

5

the information, documents or things produced and/or designated by it as "Confidential Information" or "Highly Confidential Information."

B.  Any person who is provided with information, documents or things designated as "Highly Confidential Information," shall, thereafter, not be involved in any way in preparing, prosecuting, or assisting in the preparation or prosecution of, any patent applications or patents concerning feminine sanitary napkins, for a period of two years from the termination of this lawsuit.

C.  Subject to paragraphs 2(D) and (E), and any further Order of the Court, information, documents and things designated as "Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)  in-house counsel for each party to this action, and legal staff working under the direct supervision of such in-house counsel; and trial counsel for each party to this action at the following firms, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegal assistants, stenographic, and clerical employees working under the direct supervision of such attorneys: Banner & Witcoff, Ltd.; Godfrey & Kahn, S.C.; Liebmann, Conway, Olejniczak & Jerry, S.C.; and Nutter McClennen & Fish LLP.

(ii) up to four employees of KC (applies to KC collectively) with whom KC's counsel may deem it necessary to consult for the preparation of trial of this case, and up to four employees of THRG with whom THRG's counsel may deem it necessary to consult for the preparation of trial of this case, provided that no access shall be given until each such individual has executed a written declaration in the form attached hereto as Exhibit A; However, no information, documents, or things designated as "Confidential Information" shall be disclosed to

6

any such individual until at least three business days have elapsed following written notice to the designating party of the first expected disclosure to each such individual. With the written notice shall be included a fully executed copy of Exhibit A completed by the individual.

       (iii)    for each party, up to a total of seven independent experts and consultants who are expressly retained or sought to be retained by any attorney described in paragraph 2(C)(i) to assist in the preparation or trial of this action or to consult on this case, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any regular employee or agent of the receiving party, nor any regular employee or agent of a direct competitor of the designating party. The maximum number of independent experts and consultants for each party may be increased by mutual written agreement of the parties, such agreement not to be unreasonably withheld. "Confidential Information" shall not be disclosed to any independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A. However, no information, documents or things designated as "Confidential Information" shall be disclosed to any independent experts or consultants until at least ten (10) business days have lapsed following written notice to the designating party of the expected disclosure to the proposed experts or consultants. With the written notice shall be included a fully executed copy of Exhibit A completed by the proposed expert or consultant and a curriculum vitae or similarly informative information regarding the expert's or consultant's employment and affiliations. If the designating party makes a written objection to the proposed expert or consultant within the ten (10) day period, no disclosure of the designating party's "Confidential Information" may be made to the proposed expert or consultant. If the parties cannot resolve the issue, the party seeking disclosure

7

Case 1:05-cv-00985-WCG    Filed 04/06/06    Page 7 of 20    Document 31

may thereupon seek an appropriate order from the Court compelling disclosure of the "Confidential Information" to the proposed expert or consultant;

(iv) court reporters performing services in connection with this action;

(v) the Court or its staff in connection with the Court's administration and adjudication of this action;

(vi) outside vendors who perform litigation services including, but not limited to, computer database preparation, photocopying, translation, or exhibit preparation in connection with this action, but only for so long as necessary to perform those services;

(vii) any other individuals who are mutually agreed upon in writing by the parties to this action (as provided for in paragraph 2(D)), or who are approved by the Court upon motion by either party to this action.

Subject to paragraphs 2(D) and 2(E), and any further Order of the Court, information, documents and things designated as "Highly Confidential Information" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of those persons or entities referred to above in sub-paragraphs 2(C)(i) and 2(C)(iii) - 2(C)(vii). In other words, "Highly Confidential Information" may be revealed to those individuals able to receive "Confidential Information," with the exception of those persons and entities referred to above in sub-paragraph 2(C)(ii), that is, the employees of the parties which may otherwise have access to "Confidential Information."

D. The designation of any document or thing as "Confidential Information" or "Highly Confidential Information" shall not preclude any party from showing the document or thing to any person (a) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document, (b) who

8

has been identified by the designating party as having been provided with the document or thing or with the information therein, or (c) who participated in any meeting or communication to which the document or thing refers.

E. Prior to any disclosure of information, documents or things designated as "Confidential Information" or "Highly Confidential Information" to persons as provided for in paragraph 2(C)(vii) above, counsel desiring to make such a disclosure shall provide written notice to counsel for the designating party of its intent to make the disclosure, stating therein the specific information, documents or things to be disclosed at least ten (10) business days before any "Confidential Information" or "Highly Confidential Information" is made available to such person(s). With the written notice shall be included a fully executed copy of Exhibit A and an explanation of the background of the person(s) and the intended purpose for the disclosure to the person(s) sufficient to allow the designating party to determine whether such disclosure might cause injury to the designating party. Neither "Confidential Information" nor "Highly Confidential Information" shall be disclosed to any such person(s) until such person(s) has executed a written declaration in the form attached hereto as Exhibit A. If the designating party makes a written objection to the disclosure to such person(s) within the ten (10) day period, no disclosure of the designating party's "Confidential Information" or "Highly Confidential Information" may be made to the person(s). If the parties cannot resolve the issue, the party seeking disclosure may thereupon seek an appropriate order from the Court compelling disclosure of the "Confidential Information" or "Highly Confidential Information" to such person(s).

F. In the event that any "Confidential Information" or "Highly Confidential Information" is used in any court proceeding in connection with this litigation, it shall not lose its

9

status as "Confidential Information" or "Highly Confidential Information" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

3.  **FILING DESIGNATED MATERIALS**

If it is necessary to file documents or things containing "Confidential Information" or "Highly Confidential Information" with the Court, such documents or things shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, the legend "SEALED – CONFIDENTIAL" or "SEALED – HIGHLY CONFIDENTIAL," and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to the Stipulated Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court.

No such sealed envelope or container shall be provided to any party or person, other than persons subject to this Stipulated Protective Order, except upon further written order of the Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials. The foregoing provision shall not prevent an appropriately marked second copy of any document or thing specifically intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

10

Case 1:05-cv-00985-WCG   Filed 04/06/06   Page 10 of 20   Document 31

## 4. CANCELLATION OF DESIGNATION

The receiving party may request the designating party to redesignate "Confidential Information" or "Highly Confidential Information." Such request shall be by written notice to counsel for the designating party. The written notice shall particularly identify the material or information designated "Confidential Information" or "Highly Confidential Information" that the receiving party seeks to have redesignated. If the dispute cannot be resolved informally within seven (7) business days, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of "Confidential Information" or "Highly Confidential Information," the material shall be deemed "Confidential Information" or "Highly Confidential Information" as designated. Thereafter, such material shall be treated in accordance with the Court's order.

## 5. NOTICE

All notices required by this Stipulated Protective Order are to be served via facsimile or e-mail, with confirmation by regular mail, to the appropriate attorney(s) at Banner & Witcoff, Ltd.; Godfrey & Kahn, S.C.; Liebmann, Conway, Olejniczak & Jerry, S.C.; and Nutter McClennen & Fish LLP. The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile or e-mail was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

## 6. DISPOSITION OF DESIGNATED MATERIALS AT END OF THE CASE

A. Termination of proceedings shall not relieve any person from the obligations of this Stipulated Protective Order, unless the Court orders otherwise.

11

B. With respect to any documents or things that have been filed with the Court under the provisions of paragraph 3, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court upon completion of the litigation.

C. Except as described below, within thirty (30) days after the final adjudication of this case including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information, documents and things designated as "Confidential Information" or "Highly Confidential Information" including all copies, summaries, excerpts, charts or notes thereof, to the party or person from whom the "Confidential Information" or "Highly Confidential Information" was obtained; or (b) certify in writing that all such information and material has been destroyed. Counsel for the parties to this action may retain copies of court filings containing "Confidential Information" or "Highly Confidential Information," providing that such filings will be held for their internal use only, subject to the continuing obligations imposed by this Stipulated Protective Order. A party need not destroy or discard documents which it marked as containing "Confidential Information" or "Highly Confidential Information." A party to this action which has disclosed "Confidential Information" or "Highly Confidential Information" to those persons or entities identified in paragraphs 2(C)(i), 2(C)(ii), 2(C)(iii), 2(C)(iv), 2(C)(vii), 2(C)(vii), 2(D) and 2(E) is responsible for obtaining all documents or things containing "Confidential Information" or "Highly Confidential Information," including all copies, summaries, excerpts, charts, or notes thereof, from those persons or entities, and for disposing of those documents or things in a manner provided for in this paragraph.

12

## 7. AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT

This Stipulated Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action, or any party or individual who agrees to be bound by the terms of this Stipulated Protective Order, to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

## 8. RESTRICTION ON USE OF DESIGNATED MATERIALS

"Confidential Information" and "Highly Confidential Information" shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving person only for purposes of preparation and trial of this action and no other purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Stipulated Protective Order. This includes, but is not limited to, precluding persons to whom "Confidential Information" or "Highly Confidential Information" is disclosed from applying for letters patent based, in whole or in part upon, or containing any "Confidential Information" or "Highly Confidential Information, using the "Confidential Information" or "Highly Confidential Information" in the prosecution of any continuations, continuations-in-part, divisionals or foreign counterparts of the patents in issue in this litigation, or applications that claim priority based, in whole or part, on the patents in issue, from publishing any "Confidential Information" or "Highly Confidential Information" or providing it to any U.S. or foreign patent office, or from using any "Confidential Information" or "Highly Confidential Information" in its business, including but not limited to, its research, design or product development work, or marketing. All "Confidential Information"

and "Highly Confidential Information" shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

## 9. **GENERAL PROVISIONS**

A. The designation of information, documents or things as "Confidential Information" or "Highly Confidential Information" pursuant to this Stipulated Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable or admissible. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as "Confidential Information" or "Highly Confidential Information" hereunder constitute a concession that the information, documents or things are confidential. If, subsequent to the inspection or receipt of information, documents or things identified as "Confidential Information" or "Highly Confidential Information" hereunder, a party to this action wishes the Court to rule upon the designating party's claim of confidentiality, that party may move the Court for such determination (*see* paragraph 4). In the resolution of such motion, the moving party shall have the obligation to show a good-faith basis for contending that the information, documents or things are not confidential. Thereafter, the designating party that made the claim of confidentiality shall have the burden of establishing the confidentiality of the information, documents or things.

B. Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the designating party contends is protected from disclosure by the attorney-client privilege or attorney work-product immunity, or the disclosure of which would breach an express or implied agreement with a third party to maintain such information, documents or things in confidence. Any information, documents or things withheld

14

by a party on one or more of these bases shall be logged by date, general description, author(s), recipient(s), and bases on which withheld, and the log provided to the other party. Nothing in this Stipulated Protective Order will preclude any party to this action from moving the Court for an order directing the disclosure of such withheld information, documents or things.

        C.      Nothing in this Stipulated Protective Order shall bar or otherwise restrict any attorney from rendering advice with respect to this action and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of "Confidential Information" or "Highly Confidential Information." In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document or thing identified as "Confidential Information" or "Highly Confidential Information" hereunder by a disclosing party where such disclosure would not otherwise be permitted under the terms of this Stipulated Protective Order.

        D.      The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as "Confidential Information" or "Highly Confidential Information," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence produces or provides discovery of any "Confidential Information" or "Highly Confidential Information" without designating it as such, the producing party may give written notice to the receiving party or parties that the information or material is "Confidential Information" or

15

"Highly Confidential Information" and should be treated in accordance with the provisions of this Stipulated Protective Order. The receiving party or parties must treat such information or material as "Confidential Information" or "Highly Confidential Information" as notified from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive "Confidential Information" or "Highly Confidential Information" shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential Information" and must be treated in accordance with this Stipulated Protective Order.

E. If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party may give written notice to the receiving party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the producing party. The receiving party or parties shall return to the producing party such information or material. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated for reasons other than a waiver caused by the inadvertent production.

F. The terms and provisions of this Stipulated Protective Order shall be binding on the parties to this action and their counsel as of the date on which the last party signs ("Effective Date").

G. This Stipulated Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof, to the extent information or material so designated remains "Confidential Information" or "Highly Confidential Information" as defined in paragraph 1(A) above.

Agreed to as of the dates indicated below.

s/ Daniel T. Flaherty
Daniel T. Flaherty
Anthony Baish
**Godfrey & Kahn, SC**
100 W. Lawrence Street
Appleton, WI 54912-2728
Tel: (920) 830-2800
Fax: (920) 830-3530

Mark T. Banner
Marc S. Cooperman
Janice V. Mitrius
Wendell W. Harris
**Banner & Witcoff, Ltd.**
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Tel: (312) 463-5000
Fax: (312) 463-5001

**Attorneys for Plaintiffs,**
Kimberly-Clark Corporation
Kimberly-Clark Worldwide, Inc.
Kimberly-Clark Global Sales, Inc.

Dated: 4/4/06

s/ Tony A. Kordus
Tony A. Kordus
**Liebmann, Conway, Olejniczak & Jerry, S.C.**
231 South Adams Street
Green Bay, WI 54305
Tel: (920) 437-0476

Joseph F. Shea
Ronald E. Cahill
Nancy E. Maroney
**Nutter McClennen & Fish LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210-2604
Tel: (617) 439-2000
Fax: (617) 310-9000

**Attorneys for Defendant,**
Tyco Healthcare Retail Group, Inc.

Dated: 4/4/06

IT IS SO ORDERED:

Date: April 6, 2006

s/ William C. Griesbach
**William C. Griesbach**
**United States District Judge**

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

| | |
|---|---|
| Kimberly-Clark Corporation,<br>Kimberly-Clark Worldwide, Inc., and<br>Kimberly-Clark Global Sales, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>Tyco Healthcare Retail Group, Inc.<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 05 C 0985<br>)<br>) Hon. William C. Griesbach<br>)<br>)<br>)<br>)<br>)<br>) |

## UNDERTAKING OF:

State of _____

County of _____

    I,_____, declare as follows:

    1.    My business address is_____.

    2.    My present employer and the address of my present employer (if different from above) are_____.

    3.    My present occupation or job description is_____.

My job title is_____.

    4.    I have received a copy of the Stipulated Protective Order in this action.

    5.    I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I agree to be bound by the terms of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for the purposes of this action, any "Confidential Information" or "Highly Confidential Information" which is disclosed to me.

8. I will return all "Confidential Information" and "Highly Confidential Information" which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9. I hereby submit myself to the jurisdiction of the U.S. District Court for the Eastern District of Wisconsin, for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____   _____