UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

    Plaintiff,

v.                                                            Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

    Defendant.

**ORDER**

Before me presently is the plaintiff's Rule 7.4 motion to compel an admission to its Rule 36 request. Specifically, Kimberly-Clark ("KC") wants Tyco to state whether or not it tested the density of its products at any time prior to March 21, 2006. Tyco's position all along has been that its products do not infringe, and KC believes that density is a key issue. Thus, it believes it is entitled to know what Tyco's basis for asserting noninfringement is: one of its bases could be, presumably, that it tested its own product and concluded that it did not infringe based on density. If it did not perform such tests, KC believes, that fact could bear on Rule 11 issues as well as willfulness. To that end, KC does not seek the *results* of the tests but merely information as to whether any testing was conducted at all.

Tyco, after initially refusing to respond at all, admitted in a supplemental response that it did not perform the described testing, but expressly excluded from its response whether it had performed such testing "in anticipation of or in connection with litigation, or at the direction of its attorneys." Mot. To Compel, Ex. 8. Tyco believes that no further response should be required because whether

or not it tested the density of its products in anticipation of litigation or at the request of counsel is not relevant and, further, admitting whether it tested its product in anticipation of litigation would violate the work product doctrine. It maintains that disclosing whether it tested its products during the litigation process would expose its attorneys' state of mind, thoughts and impressions, etc., and would impermissibly reveal its litigation strategy.

Neither party makes a particularly strong case. As to KC, it seems clear that whether Tyco conducted any testing may bear on Rule 11 sanctions, but it is hardly dispositive: certainly testing is not the only way a manufacturer can assert that its product does not infringe. If it states that its product is not *designed* to have different densities throughout, that would seem to constitute a minimally reasonable basis for maintaining that its product is of a uniform density. KC's argument that the information is relevant to wilfulness and Tyco's state of mind is somewhat undeveloped, although Rule 7.4's limitations may be to blame. It is, however, conceivable that a lack of testing on Tyco's part could influence KC's ability to pursue its willfulness arguments.

Tyco's argument that its work product would be compromised, however, is even less convincing. KC has asked Tyco simply to admit that it did not perform the described tests, not why it did or did not perform them, or more specifically, whether its attorneys instructed it to do so. It is unclear how responding to such a request would reveal counsel's trial strategy or thoughts and impressions. KC is seeking evidence as to Tyco's state of mind, which is clearly relevant, not the state of mind of its attorneys, which is protected.

2

I conclude that while the significance of such evidence may be limited, KC has established a sufficient basis for its request. Tyco's claim of work product privilege is overruled and KC's motion to compel is granted. Tyco shall respond to KC's request within the next ten days.

SO ORDERED this 2d day of June, 2006.

/s William C. Griesbach
William C. Griesbach
United States District Judge