UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

        Plaintiffs,

    v.                                    Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP, INC.

        Defendant.

## ORDER

Defendant Tyco wants access to a license agreement which Kimberly-Clark has made available on a "highly confidential" basis pursuant to the protective order in this case. That designation means Tyco's in-house attorneys can view the document, but if they do so they may not participate in the prosecution or development of any new sanitary napkin patents for two years after this lawsuit is finished. Tyco objected to that provision when the protective order was adopted, and now, by means of a Rule 7.4 motion, it renews its objection to applying the order in this particular situation.

In its response to the motion, Kimberly-Clark states it has agreed to Tyco's proposal that its in-house counsel not be subject to the protective order's restriction on future activity. Because Kimberly-Clark's agreement moots the present dispute, there seems no further reason for the court to rule, essentially in the abstract, on any additional matters. The motion thus will be denied as moot, subject to the stated agreement of the parties that the protective order will be relaxed, as to

the license agreement in question, with respect to the restriction on future patent activity by Tyco's counsel.

**SO ORDERED** this   19th   day of July, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge