UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP.,

   Plaintiff,

v.               Case No. 05-C-985

TYCO RETAIL HEALTHCARE GROUP,

   Defendant.

## ORDER

  Kimberly-Clark ("K-C") has moved to compel answers to contention interrogatories in which it asked Tyco for the bases of its claims that K-C's patents were invalid. Tyco believes answering such questions is premature and should wait until after the *Markman* hearing. It also suggests that K-C had previously argued to this court (in another case) that it would be backwards to require production of answers to invalidity contention interrogatories before the *Markman* hearing.

  It appears, however, that the information K-C seeks could be relevant *prior* to the *Markman* hearing. It is true that the normal course might be to consider validity issues in light of the terms construed at the *Markman* hearing, but K-C points out that the claim terms that are presently in dispute relate only to infringement defenses, *not* validity. Thus, depending on Tyco's basis for arguing invalidity, additional terms (not presently in dispute) may require *Markman* construction. It also notes that other districts require production of invalidity arguments at an early stage of the proceedings.

I agree with K-C that after one year into this litigation Tyco should have a firm basis for its invalidity defenses and that it would not be prejudiced in any way by answering K-C's contention interrogatories. Even if it proves that no additional terms will require construction, there seems little reason to delay getting to the heart of the defense that the patents in suit may be invalid.

Accordingly, the motion to compel is GRANTED.

SO ORDERED this   2nd   day of August, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
