UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

      Plaintiff,

v.                                        Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

      Defendant.

**ORDER**

Before me presently is defendant Tyco's Rule 7.4 motion to compel plaintiffs to produce all documents concerning their testing of the density of Tyco's products. Since density is a key factor in whether Tyco infringes K-C's patent, Tyco argues that it cannot adequately defend itself if it lacks information about why K-C believes Tyco's products infringe. In particular, Tyco asserts that some of K-C's density figures are simply bizarre, and it therefore wants to understand them in order to assess the infringement claim against it.

Yet K-C has made clear that the allegedly mysterious testing figures Tyco complains about are not material to its infringement claim. That is, K-C states that none of the testing data it has failed to disclose will be used as a basis for claiming Tyco's products infringe K-C's patent. Instead, K-C asserts, the factual basis for its infringement claim will be supplied through its expert(s), and that data will all be disclosed pursuant to the scheduling order. Thus, although the preliminary data K-C has used thus far might have confused Tyco about how K-C reached its infringement conclusions, Tyco has cited no principle allowing it access to preliminary testing data

that will not actually be used to demonstrate infringement. Regardless of what the data actually show, and even if they are as bizarre as Tyco claims, the data will simply have no impact on the outcome of this case. K-C is not going to use the data, and the data cannot be expected to help Tyco.[1] As such, I conclude that K-C's earlier testing data is irrelevant and cannot be expected to lead to any other discoverable information. The motion to compel is, therefore, **DENIED**.

**SO ORDERED** this   30th   day of October, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1]Contrast this infringement case with a products liability case. In the latter, previous testing results could conceivably be relevant if a specific product failed and the question was whether that product was defective. In that event a prior test on a specific product might be relevant in bolstering or undercutting another test of that same product. But here the claim relates to the density of Tyco's products, *in general*, and its products are fungible and widely available. Because the products are fungible and we are not concerned with any specific product, any results garnered in earlier tests shed no light on whether they actually infringe or not.

2