UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

        Plaintiff,

v.                                                                         Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

        Defendant.

**ORDER**

Before me presently is Tyco's Rule 7.4 motion to compel discovery concerning K-C's density testing with regard to the Chappell patent. In particular, Tyco seeks information about K-C's density testing as it relates to how and why K-C marked its own products with the Chappell patent. Density is a crucial factor in the infringement analysis and it is obvious that the parties disagree on the proper method of testing density. Moreover, Tyco believes K-C's decision to mark its products could be relevant to the issue of when the clock on K-C's damages would begin.

K-C asserts that the testing which led to product marking is protected by the attorney-client privilege. It claims that the testing was done on the advice of counsel in order to determine whether to brand its Kotex napkins with the Chappell patent. As such, revealing the method or substance of the testing would expose attorney-client communications and thus violate the privilege. It also asserts that its decision-making process with respect to the marking of its own products has no bearing on the issues raised in this case, i.e., whether *Tyco*'s products infringe.

Although the attorney-client privilege is designed to shield attorney-client *communications,* its breadth extends to tests or materials produced in order to facilitate the attorney's giving of legal advice. For example, it has been found that "[t]he attorney-client privilege extends to memoranda and working papers prepared by an accountant at an attorney's request to assist the attorney in giving legal advice to the client." *In re OM Securities Litigation,* 226 F.R.D. 579, 588 (N.D. Ohio 2005) *see also Coastline Terminals of Connecticut, Inc. v. U.S. Steel Corp.,* 221 F.R.D. 14, 16 (D. Conn. 2003) ("the attorney-client privilege can attach to reports of third parties made at the request of the attorney or the client where the purpose of the report was to put in usable form information obtained from the client.")

In the patent context, it has been held that "[t]he attorney-client privilege does not protect technical information such as the results of research, tests, and experiments communicated to the attorney, *not calling for a legal opinion or interpretation, but meant primarily for aid in completing a patent application.*" *W. R. Grace & Co.-Conn. v. Viskase Corp.,* 1991 WL 141131, *1 (N.D. Ill. 1991) (citations omitted)(italics in original). Thus, "if a patent attorney receives information solely for the purpose of conveying that information to the patent office, the attorney-client privilege does not protect the information." *Id.* But if the attorney receives the information to assist him in rendering legal advice, the information may be protected. *Id.*

The question, thus, is whether the testing information Tyco now seeks was prepared in order to facilitate the legal advice given by K-C's attorneys. It is undisputed that the purpose of the tests was to obtain legal advice as to whether to mark certain K-C products with the Chappell patent. Thus, contrary to Tyco's suggestion, this is not the case where the information would have existed (and been unprivileged) absent the company's seeking of legal advice. In other words, K-C is not

2

seeking to shield otherwise discoverable information merely by disclosing it to its attorney; nor was the attorney merely acting as a conduit to furnish technical information in the context of a patent application. Instead, it is a case where the attorney's existence, and his rendering of legal advice, were the *sine qua non* of the information in the first place.

Accordingly, because the information Tyco seeks was provided to K-C's attorney in the context of the seeking and rendering of legal advice, I conclude the information is privileged. The motion to compel is therefore **DENIED**.

**SO ORDERED** this       27th       day of April, 2007.

  s/ William C. Griesbach  
William C. Griesbach  
United States District Judge