UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

    Plaintiff,

v.                                      Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

    Defendant.

**ORDER**

    Before me presently is K-C's Rule 7.4 motion for a protective order from Tyco's Notice of Deposition of Cheryl Perkins. On May 17, 2007, this court entered an order allowing Tyco to conduct further discovery on its laches defense. In particular, I allowed Tyco the chance to take a further deposition or other discovery relating to the testing K-C conducted on Tyco's products in 1999. Although the May 17 order assumed that Perkins would be the likely subject of further discovery, K-C asserted that she was not knowledgeable about the topic. Thus, K-C produced a 30(b)(6) witness for this purpose, but apparently that witness was only schooled on matters relating to the testing *sheets* K-C produced. In other words, the witness was not competent to testify about what K-C was actually up to in 1999 at the time the testing was performed. To remedy this alleged ignorance, Tyco again sought to depose Cheryl Perkins. Perkins is listed on the testing sheets as a "manager," but K-C again protests that she is wholly ignorant of the matters at issue here and seeks a protective order to that effect.

    The May 17 order assumed that Perkins would be knowledgeable. If she is as ignorant of

these matters as K-C claims, then the deposition will be quite brief. But Tyco's frustration is palpable and justified – as the earlier order observed, it is faced with a plaintiff company that conducted extensive testing on Tyco's products some six years before filing suit, but the company has frustrated every attempt to understand the nature and extent of that testing. The point is to allow Tyco to get to the bottom of what K-C knew in 1999, and thus far it has been unable to do so. The motion for a protective order is therefore **DENIED**. This means the deadlines set forth in the May 17 order will no longer apply: any supplemental brief by Tyco incorporating further discovery will now be due by July 27, with a brief response from K-C allowed by August 10.

    **SO ORDERED** this ___ day of July, 2007.

                        William C. Griesbach
                        United States District Judge