# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KIMBERLY-CLARK CORP., et al.,

      Plaintiff,

v.                                                 Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

      Defendant.

**ORDER**

Before me presently is K-C's Rule 7.4 motion to compel discovery concerning the knowledge or communications of Tyco's predecessor regarding K-C's patents. In particular, K-C seeks documents previously in the possession of Paragon Trade Brands, a company Tyco bought. Requests 127 and 128 seek information about anything evidencing Paragon's knowledge, actions, communications or discussions about the '759 and '344 patents.

K-C asserts that Paragon documents relate directly to Tyco's equitable estoppel defense: Tyco is claiming that K-C made statements to Paragon which it should now be estopped from denying or altering. Because the estoppel defense involves what Paragon was told and what its employees believed about K-C's patents, K-C believes the documents Tyco is withholding should be clearly discoverable.

Tyco protests that this theory of relevance is entirely novel; previously, K-C had asserted that the requested documents were relevant only to whether Paragon conducted discussions with K-C in good faith. It further protests that it has produced all relevant documents and suggests that

K-C's present motion is merely an attempt to harass. An exchange of letters followed the briefs, the result of which is that it seems it is still a mystery whether Tyco is actually withholding any responsive documents. K-C believes such documents exist and that Tyco's claims of compliance are based on its own narrow reading of K-C's requests.

Whether K-C's present position is novel or not, I conclude that what Paragon knew and thought about K-C's representations is arguably relevant to Tyco's estoppel defense – Tyco's estoppel argument has opened the door. In particular, it is possible that any impressions or communications Paragon employees may have had or made regarding the patents in suit may serve to undercut (or support) the notion that they or Tyco would reasonably have relied on any statements made by K-C. To the extent Tyco argues it has already complied with K-C's requests, it need not, of course, re-produce such documents. But it appears that its protests of compliance are hedged and narrowly qualified: it produced some documents related to other requests, but it never explicitly confirms that it has produced "all documents and relating to or evidencing Paragon's knowledge of the '759 patent and the '344 patent, and any actions taken in response to that knowledge" (Request 127) or "all documents that relate to or constitute any discussion or communication, whether written or oral, of whether Paragon may infringe the '759 or the '344 patent" (Request 128). If it has documents responsive to these requests in its possession, Tyco must produce them. The motion to compel is therefore **GRANTED**.

**SO ORDERED** this      9th      day of July, 2007.

                                                          s/ William C. Griesbach
                                                         William C. Griesbach
                                                         United States District Judge