# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

KIMBERLY-CLARK CORP., et al.,

       Plaintiff,

  v.                              Case No. 05-C-985

TYCO HEALTHCARE RETAIL GROUP,

       Defendant.

---

## ORDER

---

      K-C again seeks sanctions against Tyco for its alleged failure to comply with valid discovery requests. K-C's renewed motion for sanctions is based on what it portrays as Tyco's failure to provide information about the types and categories of its allegedly infringing products. Originally, K-C seemed mystified by the universe of products Tyco produced and had little ability to organize or calculate Tyco's potential liability and exposure. Sympathetic to this problem, I ordered Tyco to supplement its original disclosures or provide another Rule 30(b)(6) witness who might be able to help K-C navigate Tyco's products. (Docket No. 183.) K-C asserts that it has diligently worked for the last four months to obtain the information it needs from Tyco, but Tyco has failed to comply with its requests.

      This assertion is not supported by the record. Tyco's principal response to K-C came by way of an April 3, 2007 letter from Nancy Moroney, counsel for Tyco, and some attached charts. (Baish Decl., Ex. 2.) The letter details various categories of Tyco products and explains the general scope

of its products (a "roadmap") and any limitations that might result from overly broad generalizations. Since that letter was sent, an exchange of letters followed, most of which evidence K-C's efforts to obtain a formal stipulation from Tyco regarding its products, as well as an ongoing threat to bring the matter to the court's attention should Tyco fail to agree. (Baish Decl., Ex. 3-16.) Tyco expressed continued objections to having the issues set forth in the form of a stipulation, as well as bafflement that K-C, despite several letters, had not actually provided any substantive objections to the information Tyco disclosed.

Although my earlier order had indicated that the disclosures ordered should be in a form acceptable to K-C, that was not intended to be used as a bludgeon to obtain any specific form of relief. The matter at issue, after all, was K-C's vague, albeit understandable, claim that it lacked good enough information about Tyco's products. There was not a specific document that needed to be disclosed, nor a person to be provided for deposition; the relief awarded was necessarily open-ended. It now appears that Tyco has given K-C more information about its products – in fact, so much information that, for a brief moment, K-C believed it was on the verge of settling the present dispute. Thus, K-C's protests that it is "withholding" something ring hollow. I have previously recognized the difficulty inherent in testing numerous products that may have changed over a period of time, and K-C's desire to have a concrete stipulation on the issue is understandable. But at some point the plaintiff in a patent lawsuit brought several years after the alleged infringement began must accept any limitations inherent in attempting to prosecute an alleged infringer for such a wide-ranging course of conduct. Tyco has attempted to be helpful on this issue, but it is not Tyco's duty as a defendant to format a changing and unruly universe of data to meet the plaintiff's particular needs. Accordingly, I find no basis to impose sanctions or award further relief.

2

Accordingly, **IT IS ORDERED** that the motion for sanctions [408] is **DENIED**.

Dated this ____7th____ day of August, 2007.

                                        _s/ William C. Griesbach_____
                                        William C. Griesbach
                                        United States District Judge

3